# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No.13-30910
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2014

Lyle W. Cayce
Clerk

CHELSEA BROWN,

Plaintiff - Appellant

v.

WAL-MART LOUISIANA, L. L. C.,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-cv-01402

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Chelsea Brown appeals the denial of her motion for a judgment notwithstanding the verdict (JNOV) after a jury awarded her damages for injuries she sustained in a slip and fall accident at a Wal-Mart store in Lafayette, Louisiana. Although the magistrate judge erred in applying the standards under Federal Rule of Civil Procedure 59 to Brown's motion, we

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30910

nonetheless AFFIRM the judgment as there is adequate evidence in the record to support the jury's verdict under Louisiana law.

## FACTS AND PROCEDURAL HISTORY

On July 18, 2009, Chelsea Brown slipped and fell inside a Wal-Mart store when she encountered a puddle of water caused by a leak in the store's roof. (R. 1523).  Brown sustained injuries in the fall, including an injury to her right shoulder. (R. 1523).  Brown filed suit against Wal-Mart in Louisiana state court and Wal-Mart removed to the U.S. District Court for the Western District of Louisiana based on diversity jurisdiction. (R. 22).  Before trial, Wal-Mart admitted liability for the slip and fall but contested the extent of Brown's injuries. (R. 1524).  The parties consented to having a magistrate judge preside over a three-day trial on the issue of damages in which both parties presented expert testimony on the cause and extent of Brown's injuries.  The jury awarded Brown $1,500.00 for past lost wages; $14,138.39 for past medical expenses; $0.00 for future medical expenses; and $45,000.00 for past, present and future pain and suffering. (R. 1524).

After trial, Brown filed a JNOV motion pursuant to Louisiana Code of Civil Procedure Article 1811.[1]  (R. 1215; 1524).  She contended that the jury's award was contrary to the evidence because it did not adequately compensate her for her injuries.  She asked the magistrate judge to set aside the verdict and enter a judgment for the full amount of her damages request. (R. 1216).

The magistrate judge construed Brown's state law JNOV motion as a "Motion to Alter or Amend a Judgment" under Federal Rule of Civil Procedure 59(e), explaining that federal courts exercising diversity jurisdiction must

---

[1] Art. 1181 provides, in relevant part: "The motion for a judgment notwithstanding the verdict may be granted on the issue of liability or on the issue of damages or on both issues." (L.A. C.C.P. art. 1811(F)).

No. 13-30910

apply federal procedural rules.[2]  (R. 1525).  After evaluating the evidence presented at trial, the magistrate judge found there was sufficient evidence to support the jury verdict and denied Brown's motion.  Brown appealed to this Court.

## STANDARD OF REVIEW

"When reviewing the disposition of a new trial motion, we normally reverse the judgment only for an abuse of discretion." *Munn v. Algee*, 924 F.2d 568, 575 (5th Cir. 1991).  "However, when the district court's ruling is predicated on its view of a question of law, it is subject to *de novo* review." *Id.*

## DISCUSSION

Brown cites *Gasperini v. Center for Humanities*, 518 U.S. 415, 419 (1996) for the proposition that Louisiana law should apply to her JNOV motion and that, accordingly, the magistrate judge erred by applying the standards under Rule 59.  In *Fair v. Allen*, 669 F.3d 601 (5th Cir. 2012), a case factually similar to this one, we held that *Gasperini* requires this Court to apply Louisiana law to JNOV and new trial motions when exercising diversity jurisdiction. *Id.* at 604.  Accordingly, as we held in *Fair*, "the [magistrate judge] erred in applying the federal standard; Louisiana law applies." *Id.*

The error here, as in *Fair*, makes no difference.  Even under Louisiana law there is adequate evidence in the record to support the jury's verdict.  When applying Louisiana law, we "consider the record as a whole in the light most favorable to the defendant in order to determine which injuries a rational fact finder must have concluded were causally related to the accident." *Revel v. Snow*, 664 So. 2d 655, 659 (La.App. 3 Cir. 1995).  "Despite permitting a trial

---

[2] The magistrate judge also considered whether Brown's motion could be viewed as a "Motion for Judgment as a Matter of Law" after trial under Fed. R. Civ. P. 50 (b), but found that Brown failed to first move for judgment as a matter of law at the close of evidence under Fed. R. Civ. P. 50(a). (R. 1525).

court to review the jury's credibility determinations, Louisiana gives the jury high deference." *Fair*, 669 F.3d at 605.  The Louisiana Supreme Court has held that "[t]he assessment of 'quantum,' or the appropriate amount of damages, by a jury is a determination of fact that is entitled to great deference on review." *Trunk v. Med. Ctr. of Louisiana at New Orleans*, 885 So. 2d 534, 539 (La. 2004).  A JNOV motion "should be granted only when the evidence points so strongly in favor of the moving party that reasonable persons could not reach different conclusions, not merely when there is a preponderance of evidence for the mover." *Joseph v. Broussard Rice Mill, Inc.*, 772 So. 2d 94, 99 (La. 2000).

As the magistrate judge explained, the parties contested both the cause and the extent of Brown's injuries and both sides presented expert witness testimony about the nature of her injuries. (R. 1528).  For example, Brown presented the testimony of Dr. David Wyatt who stated that, in his opinion, Brown developed a bone spur as a result of the accident, which required surgery. (R. 1221).  Wal-Mart, on the other hand, presented the testimony of Dr. Stan Foster who stated that in his opinion bone spurs develop over a period of years, therefore, any bone spur in Brown's shoulder pre-dated the accident. (*See* Appellant's Excerpt #2–Deposition of Dr. Foster).  Wal-Mart also presented Dr. Francis Johnston, who was Brown's original treating physician after the accident, and he testified that the surgery Brown had on her shoulder was not medically necessary to remedy the injuries she sustained in the accident.  (*See* Appellant's Excerpt #1–Deposition of Dr. Johnston).  While Brown disagrees with the jury's weighing of the experts' testimony, Louisiana law states that "[w]hen testimony of expert witnesses differs, it is within the trier of fact's discretion to determine what is the most credible evidence." *Revel*, 664 So. 2d at 659.

Moreover, during trial Wal-Mart demonstrated that many of the days for which Brown sought recovery for lost wages included vacation days and time

spent attending doctors' appointments for medical issues unrelated to the Wal-Mart accident. (R. 1529).  As a result, during trial Brown revised her claim for past lost wages to exclude recovery for those days. (R. 1886–87).  Wal-Mart also presented photographs of Brown performing physical activities that were inconsistent with her testimony regarding her physical limitations.  (R. 1528).  Based on the evidence in the record, the jury could have reasonably found Wal-Mart's evidence to be credible and rationally concluded that Brown was exaggerating the extent of her injuries.  *See Lawson v. Mitsubishi Motor Sales of Am., Inc.*, 938 So. 2d 35, 52 (La. 2006) (when reviewing a motion to set aside the verdict under Louisiana law, "the court should not evaluate the credibility of the witnesses and all reasonable inferences or factual questions should be resolved in favor of the non-moving party").  Accordingly, there was ample evidence in the record from which the jury could reasonably conclude that some of the injuries Brown complained of were not proximately caused by the slip and fall accident at Wal-Mart. *See Guillory v. Lee*, 16 So. 3d 1104, 1131 (La. 2009) ("[T]he jury's verdict should not be set aside if it is supportable by any fair interpretation of the evidence.").

## CONCLUSION

Because the record contains adequate support for the jury's verdict under Louisiana law, we AFFIRM the judgment.